IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                                                        4:23-CR-00293 JM

MILES ANDREW CALDWELL

ORDER

Pending is the Government's motion in limine to preclude the Defendant from raising intoxication or drug use as a defense. (Doc. No. 50). After consideration of the motion, the response, and the applicable law, the motion is granted.

Defendant has been charged with arson pursuant to 18 U.S.C. § 844(i), which states "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive" any property used in or affecting interstate commerce "shall be imprisoned for not less than 5 years and not more than 20 years." While not defined in the statute, the Eighth Circuit has defined "maliciously," as acting "with willful disregard of the likelihood that damage or injury would result." *United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009) (quoting *United States v. Gullett,* 75 F.3d 941, 947 (4th Cir.1996)).

Eighth Circuit Model Criminal Jury Instruction 9.06 provides that being under the influence of alcohol or a drug provides a legal excuse for the commission of a crime only if the effect of the alcohol or drug makes it impossible for the defendant to have the mental state required by the charging statute. A defendant may be entitled to have this defense read to the jury only if they are charged with a crime that requires specific intent, but not if it is a general intent crime.

The distinction between general and specific intent crimes is not clear cut. "Under its usual definition, specific intent is the intent to accomplish the precise criminal act that one is later charged with. In contrast, general intent is the intent to perform an act even though the actor does not desire the consequences that result, and often takes the form of recklessness or negligence." *United States v. Robertson*, 606 F.3d 943, 954 (8th Cir. 2010) (cleaned up). A person acts "purposefully if he consciously desires that result . . . while he is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result." *Id.* (cleaned up). "Thus, in contemporary legal parlance, 'purpose' corresponds loosely with the common-law concept of specific intent, while 'knowledge' corresponds loosely with the concept of general intent." *Id.* (quoting *United States v. Bailey,* 444 U.S. 394, 405). In the Comments to Instruction 9.06, the Committee advises that to "determine whether a particular offense is a specific intent or general intent crime, one should examine the case law dealing with the statute in question."

The Eighth Circuit has not yet addressed the issue of whether arson under § 844(i) is a general intent or specific intent crime. In discussing this section, the Ninth Circuit stated that to be convicted under this statute, "a defendant need not have intended to damage or destroy property covered by the statute. But he must at least have engaged in an intentional act that resulted in damage to or destruction of such property, and in doing so, he must have been subjectively aware of the risk that his actions would result in that harm." *Togonon v. Garland*, 23 F.4th 876, 879 (9th Cir. 2022).[1] In an earlier decision by the Ninth Circuit, *United States v. Doe*, 136 F.3d 631 (9th Cir. 1998), the court found that arson under a different federal statute—18 U.S.C. § 81 which makes it a crime to "willfully and maliciously" set fire to property within the

---

[1] The context for the Court's discussion was whether a conviction under California law for arson was "an offense described in" § 844(i) so as to constitute an "aggravated felony" under the Immigration and Nationality Act.

2

"special maritime and territorial jurisdiction of the United States''—is a general intent crime. The fact that § 844(i) requires a showing of "malicious" damage, not "willful and malicious," does not change the analysis.[2] *See United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009) (finding "little difference" among the terms "intentionally," "willfully," "maliciously," "wantonly," and "knowingly," or a combination of those terms, when used "in the context of an offense that forbids destroying property by fire.").

For these reasons, the motion in limine (Doc. No. 50) is GRANTED.

IT IS SO ORDERED this 16th day of January, 2025.

_____
James M. Moody Jr.
United States District Judge

---

[2] "An intentional act creating an obvious fire hazard to the dwelling of another, done without justification ... might well be characterized as 'willful' ... and would certainly be malicious, but as the law has developed it is a mistake to assume that the phrase 'willful and malicious,' when found in the definition of common-law arson, adds some distinct requirement not included in the word 'malicious' alone." *Doe*, 136 F.3d at 635 (quoting Rollin M. Perkins and Ronald N. Boyce, *Criminal Law* 275 (3d ed.1982); and citing to John Poulos, *The Metamorphosis of the Law of Arson,* 51 Mo. L.Rev. 295, 323 (1986)). *See also STATE OF WASHINGTON, Respondent, v. EDWARD THOMAS SCHINZING, Appellant.,* No. 58436-1-II, 2024 WL 5205569 (Wash. Ct. App. Dec. 24, 2024*).*